IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DAVISION

JAMES ARTHUR CULBRETH,          )

      PETITIONER,          )

VS.          )   CASE NO. 2:06CV690-M

STATE OF ALABAMA,          )          E

      RESPONDENT.          )          F

<u>BRIEF IN SUPPORT OF 2254 PETITION</u>

    Comes now the Petitioner, James Arthur Culbreth pro se, and files this Brief In Support of the 2254 Petition.

    Petitioner would show the following in support:

<u>THE TRIAL COURT LACKED JURISDICTION TO</u>
<u>CONVICT OR SENTENCE THE PETITIONER</u>

<u>1)</u>          THE INDICTMENTS DID NOT ALLEGE A CULPABLE MENTAL STATE

    A Culpale Mental State is an essential element of the offense and must be included in the indictment and charged to the jury. This failure to allege an essential element of the charged offense is a jurisdictional defect. The indictments, in this instant case did not allege a culpable mental state, and the jury was not charged with a culpable mental state, and therefore, the indictments are void for failure to charge and essential element of the offense. (Ex. 1-4)

    The indictments did not include all of the necessary elements of the crimes charged. <u>Ex parte Lewis</u>, 811 So. 2d 485 (Ala. 2001) "The Supreme Court, Lyons, J., held that: (1) defect in indictment that fails to include an essential element of the offense cannot be waived, and (2) failure of indictment ot include essential element that defendant intended to cause physical injury, prejudiced

"The existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American Criminal jurisprudence." Dennis V. United States, 341 U.S. 494,500, 71 S. Ct. 857, 862, 95 L. Ed. 1137, 1147 (1951)."

Unless the statute that charges an offense is a strict-liability statute, it must charge a culpable mental state.  The statutes in the indictments are not strict-liability statutes and a culpable mental state was not charged in the indictments, or to the jury, and they are void.  "A statute creating a criminal offense with the exception of a strict-liability statute, requires a culpable mental state."  Section 13A-2-4(b), Alabama Code 1975.

Ex parte Edwards, 816 So. 2d 98, 102 (Ala. 2001) "As provided in §13A-2-4(b), a statute must "clearly indicat[e]" an intent by the Legislature to impose strict liability.---If a Strict-liability offense was intended, we can presume that the Legislature would have made an express statement to the effect. Ex parte Phillips, 771 So. 2d 1066 (Ala. 2000)."  The statutes in the instant case do not clearly show that the legislature intended to impose strict liability.

"Although a state may create strict liability offenses, the power to do so is limited by "the constitutional command that no person can be 'deprived of life, liberty, or property, expect by due process of law." Walker v. State, 356 So. 2d 672, 673 (Ala. 1977); see Ala. Const. Art. I,§6 (1901); Smith V, California, 361 U.S.147, 80 S. Ct. 215, 4 L Ed. 2d 205 (1959)." Mc Crary v. State, supra at 1125.

The indictments cannot be saved just becasue they tracked the language of the statute.  Inmon v. State, 585 So. 261,263 (Ala. Crim. App. 1991) " 'To avoid omitting a crucial element of the offense, prosecutors frequently draft pleadings that track the language of the criminal provision---Reliance upon the statutory language

will be acceptable, however, only if the words of [the statute] themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements mecessary to constitute the offense.  If the statute omits an essential, element, such as mens rea, then that element must be added to the pleading.' "

Ex parte Lewis, supra at 488 says:   " The fact that the indictment referes to its statutory source cannot save it from being fatally deficient.  The rule is that 'the indictment must contain all the essentials to constitute the offense explicitly charged, and that they must not be left to inference.' State v. Seay, 3 Stew. 123, 131 (1830)."

U.S. V. DuBo, 186 F. 3d 1177,1180 (9th Cir. 1999)   "DuBo's conviction also must be  overturned because his indictment lacks a mecessary allegation of criminal intent and as such does not "properly allege an offense against the United States." "United States v. Morrison, 536 F. 2d 286, 289 (9th Cir. 1976); see also United States v. Carll, 105 U.S. 611,613, 26 L. Ed. 1135 (1881) (Such indictment fails to charge defendant with any crime.)"  Such a failure "generally constitutes a fatal defect" that can not be cured through jury instructions, Keith, 605 F. 2d at 464, because a "completely missing essential element" leaves "nothing for a petit jury to ratify." Hooker, 841 F. 2d at 1232."


2)  The Indictments Were Not Sufficent To Charge The Offense

The indictments never charged the Petitioner with an offense, but only charged him with the statute.  The indictments never charged the Petitioner with committing any specific act to violate the statute.  The indictments were ambiguious and did not clearly and directly say what the Petitioner did to commit the Crimes charged. (Exhibits 1-4)

-4-

The indictments charges the petitioner with the sodomy statute and the enticement staute, but failed to charge ~~am~~ an offense. The indictments said that the petitioner violated the sodomy statute by engaging in either oral or anal sex (deviate sexual intercouse). This does not with certainty, without ambiguity, directly charge an offense. The indictment does not clearly say what the petitioner did to violated the sodomy staute. The indictments are the ambiguous. See Exhibit 1,3 .

The indictments said that the petitioner violated the entice-ment staute by enticing a child to enter a vehicle, or a room, or a house, or office, or any other place, for the purpose of proposing to such child an act of sexual intercouse, or the offense of sodomy, or for the purpose of proposing the fondling or feeling of the sexaul or genital parts of such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of himself. (Which is not even included in the statute). See Exhibit 2-4).

The indictments failed to charge the enticement offense. While the indictment listed several options to commit the offense it did not clearly or directly without ambiguity say what the petitioner did to violate the enticement statute. See Inmon vs. State , Supra, Ex parte Lewis, supra at 488.

3). THE INDICTMENTS ARE MULTIPLICITOUS AND THE CONVICTIONS WERE OBTAINED IN VIOLATION OF THE FIFTH AMENDMENTS DOUBLE JEOPARDY CLAUSE:

PAGE 5

The Petitioner was convicted, and the jury was charged, under two- Three-Count Multiplicitous indictments. See Exhibit 1-4). All three counts in each indictment was charged to the jury in _(Ex. 5, 10)_ a two count jury charge. See Exhibit 10-16). The jury found the petitioner guilty of all counts as charged. See Exhibit 15-16).

The trial judge, adjudicated the petitioner guilty, of _all_ counts, as he had been charged and as he was found guilty by the jury. See Exhibit 13-16). The sentencing judge sentenced the petitioner to life in prison as he had been charged and was found guilty of by the jury. The sentencing _judge_ refers to the two counts in the jury charge and never refers to the counts in the indictments. See Exhibit 17-17A).

 U.S. Vs.Brandon  17 F.3d 409, 422 (1st.Cir.1994). "And indictment is multiplicitous and inviolation of the fifth Amendments. Double Jeopardy Clause if it charges a single offense in more than one count. United States vs.Serino, 835 F.2d 924, 930 (1st.Cir.1987)."

Count I, of the jury verdict, included counts I and II of the indictments. Count II, of the jury's verdict was count III of the indictment, _(Ex. 8-9)_ _The petitioner was found guilty of all counts, of the indictments_ by the jury, in a two-count    jury charge. See Exhibit 8-10). The trial judge found the petitioner guilty of all counts according to the jury's verdict, See Exhibit 15-16, and the sentencing Judge sentenced the petitioner according to the two-counts of the jury's verdict. See Exhibit 17-17A).

Page  6

The Petitioner was sentenced for all counts contained in the two indictments, just like he was found guilty of by the jury. The record shows that the petitioner was sentenced for count II of the indictments which were nol-processed by the state after the trial was over. See Exhibit 19-21).

   The record supports this claim, When this court reviews the record, the court will find the offical record supports this claim. The trial judge nor the sentencing judge ever refers to counts in the indictment, or the statute but refers only to the two counts in the jury verdict. See Exhibit 10-17A).

   The states nol-pros of count two of the indictments after the trial was over worked as an acquittal of the single sodomy off-ense, count I and II of the indictments, See Oliver vs.State, 234 Ala.460,462, 175 So.305 (Ala.1937) Says: "The entering of a nol-pros as to some of the counts in the indictment, without the consent of the accused, and after the trial is entered upon and the accused put in jeopardy, operates on aquittal of the specific offense provable under such counts". The state's nol process of count II worked as an aquittal of the single offense of sodomy in the first degree. See Barrett vs. State  54, Ala.379 (1875).

   The Alabama Supreme Court said: "Defendant in a criminal case cannot complain because of the entry of a nolle prosequi as to one count of the indictment after the evidence was closed, the

PAGE 7

effect thereof being an acquittal as to that count."

But the petitioner does have a complaint, becuase the state acquitted the petitioner of a single offense, of sodomy in the first degree, on October 5,2000, and then sentenced him to life in prison on the _same_ single offense, of sodomy in the first degree, on november 14,2000. The Petitioner is in prison on the _same_ single offense that the state has acquitted him for. This court must take notice that the petitioner is incarcerated by the state on the _same_ single offense that he has been acquitted of.

The state has never addressed "Oliver" and "Barrnett" and shown why these two Alabama Supreme Court cases do not apply in this instant case. Because the state had not addressed these specifically, this court is bound to take the allegations as ture and grant relief to the Appellant. The petitioner is serving life in prison for a _single_ crime that he has been acquitted of.

### (4) CONVICTION OBTAINED BY A VIOLATION OF THE PROTECTION AGAINST DOUBLE JEOPARDY

The Petitioner was convicted of sodomy and enticing, the attempt or solicitation to commit the charged offense, in violation of the protection against double jeopardy. Enticing in an included offense under Alabama Code Section 13A-1-9(a)(2), " An offense is an included one if., _ _ _ _(2) it consists of an attempt on solicitation to commit the offense charged".

Page  8

The states reliance on 13A-1-9(a)(1)- The "Blockbarger Test"-
is not correct. The Blockburger test is the floor not the ceiling.
King vs.State 574 So.2d 921 (Ala.Crim.App.1990) "The court noted
Alabama's historic reliance on the Blockberger test, but implied
that Blockberger was a threshold aid to stateatory construction
rather than the ultimate test of legislative intent".

Burton vs.State    So.2d 921-925 (Ala.Crim.App.1998) "The
Alabama Supreme Court has implicitly recognized the Blockberger test
as a "floor" rather than a "ceiling" for "same offense definitions".

The inticement convicions are also in violation of the Ala.
Criminal Code, The state has chosen to ignore 13A-1-9(a)(2)
which specfically includes enticting becuase it is " an attempt
or solicitation to commit the offense charged". The enticing
convictions are in violation of the protection against double
jeopordy because they are included in the sodomy convictions.

The state statute section 13A-4-5 - Defenses for multiple
convictios for single course of conduct says: "(b) A person
may not be convicted on the basis of the same course of conduct of
both the actual commission of an offense and: (1) An attempt
to commit the offense; or (2) Criminal solicitation of the off-
ense;" This statute has to include the enticement statute, 13-
6-69, which says  the petitioner "did entice, allure, persude

PAGE 9

or invite,---- for the purpose of proposing--- on act which con-
stitutes the offense of sodomy".

The enticment convictions were obtained by a violation of
the protection against double jeopardy as such these convictions
for enticment are due to be vacated.

### 5) CONVICTIONS OBTAINED BY A VIOLATION
### OF CLEARLY ESTABLISHED FEDERAL LAW:

The conviction were contray to clearly established federal law.
The State did not prove every element of the crimes that the
petitioner was found guilty of. The State charged "forcible
compulsion" in the indictment, Exhibit __l,3__ ) to the jury,
Exhibit __8,10__ ); and distict attorney charged force to the jury
in the closing arguments. See Exhibit 18).

The State did not prove force and has admitted that it did
not prove force (Exhibit 21). The state claims that it did not
have to prove force becuase they nol-pros that element after
the trial was over. Exhibit 19-21).        Clearly established
federal law requires a reversal of the conviction. The state
does not have a free pass to charge an element to prove, at trial,
then not prove that element, an then simply nol-pros that element
after the trial is over.

In re winship, 397 U.S. 358-364, 25L.Ed.368, 90 S.Ct.1068 (1970)
says: " Lest there remain any doubt  about the constitutional

Page __10__

stature of the reasonable-doubt standard, we explicitly hold that
the due process clause protects the accused against conviction
except upon proof beyond a reasonable double of every fact nece-
ssary to constitute the crime with which he is charged. " The
petitioner was charged with force which the state did not prove.
Cage vs.Louisiana, 498 U.S.39, 112 L.Ed.2d 339, 111 S.Ct.329(1990).
says: " In state criminal trials, the due process clause of the
fourteenth amendment, protects the accused against conviction
except upon proof beyond a reasonable doubt of every fact necessary
to constitute the crime with which he is charged. " The
state charged and did not prove "forcible compulsion."

   Gilmore vs. Taylor, 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d
306 (1993) says: "Under the federal constitutions due process
requirements for criminal cases, states must prove guilt beyond
a reasonable doubt with respect to every element of the offense
charged". None of these cases allows the state to by pass this
after requirement by nol- processing a charged element after
the trial is over.

   The trial judge charged the jury with forcible compulsion and
said that the state must prove ever element as charged to find
the petitioner guilty , if the state did not prove either one
or more of the  elements  charged, they must find him not
guilty. See Exhibits 1, 3 , 8-10  ). The state could not correct
this by dismissing the element after the trial was over.

## 6). DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL:

The denial of effective assistance of counsel was raised in the trial court in a Rule 32 on October 1,2001. This issue was raised in the court of criminal appeals in a brief, in a reply to the state's answer, and in a application for rehearing. The issue was carried to the Alabama Supreme Court in a Writ of Centorari, which was denied on Octber 11,2002. The issue was raised in the state court and is preserved for review by this court.

Trial Counsel Was Ineffective For:

1. Not objecting to the multiplicitious indictments.

2. Not objecting to the State's procecution of the offense of sodomy and the attempt to commit the offense of sodomy-enticing.

3. Not objecing to the court sentencing the petitioner to life in prison  on the same offense the state has aquitted him for.

4. Not objecting to the  court sentencing the petitioner to life in prison for count II of the indictments that had been noll prossed by the state after the trial was over.

5. Not objecting at sentencing that the state's noll process after the trial was over worked to acquitte the petitioner of the single sodomy offense.

### CONCLUSION

 Wherefore the above premiss considered, the appellant prays this Honoralbe Court will grant the appellant's request to vacate the conviction and sentencing or grant and evidentiary hearing,

PAGE _12_

or grant any other relief as seems fair and just by this court.

Respectfully Submitted This the __31ˢᵗ__ day of July _____2006.

_James Arthur Culberth_
James Arthur Culberth
#214203 · 9A-48
Easterling Corr.Fac.
200 Wallace Dr.
Clio,Ala, 36017

# THE STATE OF ALABAMA

### MONTGOMERY COUNTY

Circuit Court of Montgomery County, _____ APRIL _____ Term A. D. 19 99

COUNT I: The Grand Jury of said County charge that before the finding of this indictment,

JAMES ARTHUR CULBRETH, alias
JAMES A. CULBRETH, alias
JAMES CULBRETH,

whose name is otherwise unknown to the Grand Jury, did engage in deviate sexual intercourse with Shawn Lowry, who was less than twelve years of age, he, the said James Cubreth, a being sixteen years old or older, in violation of Section 13A-6-63 of the Code of Alabama, against the peace and dignity of the State of Alabama.

COUNT II: The Grand Jury of said County further charge that, before the finding of this indictment,

JAMES ARTHUR CULBRETH, alias
JAMES A. CULBRETH, alias
JAMES CULBRETH,

whose name is otherwise unknown to the Grand Jury, did engage in deviate sexual intercourse with Shawn Lowry, by forcible compulsion, in violation of Section 13A-6-63 of the Code of Alabama, against the peace and dignity of the State of Alabama.

*Exhibit I*

COUNT III:   The Grand Jury of said County further charge that, before the
             finding of this indictment,

                         JAMES ARTHUR CULBRETH, alias
                         JAMES A. CULBRETH, alias
                         JAMES CULBRETH,

whose name is otherwise unknown to the Grand Jury, unlawfully and

feloniously with lascivious intent, did entice, allure, persuade or invite,

or attempt to entice, allure, persuade or invite Shawn Lowry, a child

under the age of 16 years, to enter a vehicle, room, house, office, or

other place, to-wit: dwelling, for the purpose of proposing to such child

the performance of an act of sexual intercourse, or an act which

constitutes the offense of sodomy, or for the purpose of proposing the

fondling or feeling of the sexual or genital parts of such child, or for

the purpose of committing an aggravated assault on such child, or for the

purpose of proposing that such child fondle or feel the sexual or genital

parts of said ~~Josh Brooks~~, in violation of Section 13A-6-69 of the Code of

Alabama, against the peace and dignity of the State of Alabama.

against the peace and dignity of the State of Alabama.

                                        _Ellen Brooks_
                                _____
                                District Attorney, Fifteenth Judicial Circuit of Alabama

_Exhibit 2_

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County, _____ APRIL _____ _____ Term. A. D. 19 99

COUNT I:     The Grand Jury of said County charge that before the finding of this indictment,



JAMES ARTHUR CULBRETH, alias
JAMES A. CULBRETH, alias
JAMES CULBRETH,

whose name is otherwise unknown to the Grand Jury, did engage in deviate

sexual intercourse with Josh Brooks, who was less than twelve years of age,

he, the said James Arthur Culbreth, being sixteen years old or older, in

violation of Section 13A-6-63 of the Code of Alabama, against the peace and

dignity of the State of Alabama.

COUNT II:  The Grand Jury of said County further charge that, before the
           finding of this indictment,

JAMES ARTHUR CULBRETH, alias
JAMES A. CULBRETH, alias
JAMES CULBRETH,

whose name is otherwise unknown to the Grand Jury, did engage in deviate

sexual intercourse with Josh Brooks, by forcible compulsion, in violation

of Section 13A-6-63 of the Code of Alabama, against the peace and dignity

of the State of Alabama.

*Exhibit 3*

COUNT III:    The Grand Jury of said County further charge that, before the finding of this indictment,

> JAMES ARTHUR CULBRETH, alias
> JAMES A. CULBRETH, alias
> JAMES CULBRETH,

whose name is otherwise unknown to the Grand Jury, unlawfully and feloniously with lascivious intent, did entice, allure, persuade or invite, or attempt to entice, allure, persuade or invite Josh Brooks, a child under the age of 16 years, to enter a vehicle, room, house, office, or other place, to-wit: dwelling, for the purpose of proposing to such child the performance of an act of sexual intercourse, or an act which constitutes the offense of sodomy, or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child, or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of said Josh Brooks, in violation of Section 13A-6-69 of the Code of Alabama, against the peace and dignity of the State of Alabama.

against the peace and dignity of the State of Alabama.

_Ellen Brooks_
District Attorney, Fifteenth Judicial Circuit of Alabama

*Exhibit 4*

R-22

1    THE COURT:  Good morning.  How is

2    everybody doing?  Can everybody hear me in

3    the back?  I am Burt Smithart.  I am not Gene

4    Reese.  Does it say Gene Reese down here

5    anywhere?

6        This is Judge Reese's courtroom, and I

7    am here as a visiting judge from Barbour

8    County.  I am a circuit judge over there, and

9    occasionally they send me up here to the city

10   to try some cases.  I see all of you are

11   Baptist because nobody sat on the front row.

12       Before we begin this morning, I'll ask

13   you some questions, try not to repeat the

14   general qualification questions that were

15   asked downstairs.  But before that I'll go

16   through the indictments in each of the cases.

17       Let me tell you first that the

18   indictment is a formal way that charges are

19   brought.  That's all that it is.  The state

20   has the burden of proof in a criminal case

21   and they have that burden of proof beyond a

22   reasonable doubt.  The indictment is just a

23   way that charges are brought.

24       The indictment in 99-595 reads as

25   follows:  The Grand Jury of said county

Exhibit 5

R-23

1   charge that before the finding of this

2   indictment James Arthur Culbreth, alias,

3   James A. Culbreth, alias, James Culbreth,

4   whose name is otherwise unknown to the Grand

5   Jury, did engage in deviate sexual

6   intercourse with Shawn Lowry, who was less

7   than twelve years of age, he, the said James

8   Culbreth, a being sixteen years or older in

9   violation of 13A-6-63 of the Code of Alabama,

10  against the peace and dignity of the State of

11  Alabama.

12      Count II reads as follows:  The Grand

13  Jury of said county further charge that

14  before the finding of this indictment, James

15  Arthur Culbreth, alias, James A. Culbreth,

16  alias, James Culbreth, whose name is

17  otherwise unknown to the Grand Jury did

18  engage in deviate sexual intercourse with

19  Shawn Lowry by forcible compulsion in

20  violation of 13A-6-63 of the Code of Alabama,

21  against the peace and dignity of the State of

22  Alabama.

23      Count III, Grand Jury of said county

24  further charge that before the finding of

25  this indictment, James Arthur Culbreth,

*Exhibit 6*

24

1    alias, James A. Culbreth, alias, James

2    Culbreth, whose name is otherwise unknown to

3    the Grand Jury, unlawfully and feloniously

4    with lascivious intent did entice, allure,

5    persuade or invite or attempt to entice,

6    allure, persuade or invite Shawn Lowry, a

7    child under the age of sixteen years, to

8    enter a vehicle, room, house, office or other

9    place, to-wit, a dwelling, for the purpose of

10    proposing to such child the performance of an

11    act of sexual intercourse, or an act which

12    constitutes the offense of sodomy, or for the

13    purpose of proposing the fondling or feeling

14    of the sexual or genital parts of such child,

15    or for the purpose of committing an

16    aggravating assault on such child, or for the

17    purpose of proposing that such child fondle

18    or feel the sexual or genital parts of said

19    Shawn Lowry in violation of 13A-6-69 of the

20    Code of Alabama, against the peace and

21    dignity of the State of Alabama.

22        In Case CC-99-596 the indictment reads

23    as follows:  The Grand Jury of said county

24    charge that before the finding of this

25    indictment James Arthur Culbreth, alias,

*Exhibit 6-A*

R-25

1    James A. Culbreth, alias, James Culbreth,

2    whose name is otherwise unknown to the Grand

3    Jury, did engage in deviate sexual

4    intercourse with Josh Brooks, who is less

5    than twelve years of age, he, the said James

6    A. Culbreth, being sixteen years old or

7    older, in violation of 13A-6-63 of the Code

8    of Alabama, against the peace and dignity of

9    the State of Alabama.

10    Count II, The said Grand Jury further

11    charge that before the finding of this

12    indictment, James Arthur Culbreth, alias,

13    James A. Culbreth, alias, James Culbreth,

14    whose name is otherwise unknown to the Grand

15    Jury, did engage in deviate sexual

16    intercourse with Josh Brooks by forcible

17    compulsion in violation of Section 13A-6-63

18    of the Code of Alabama, against the peace and

19    dignity of the State of Alabama.

20    In Count III.  The Grand Jury of said

21    county further charge that before the finding

22    of this indictment, James Arthur Culbreth,

23    alias, James A. Culbreth, alias, James

24    Culbreth, whose name is otherwise unknown to

25    the Grand Jury, unlawfully and feloniously

*Exhibit 7*

26

1    with lascivious intent did entice, allure,

2    persuade or invite, or attempt to entice,

3    allure, persuade or invite, Josh Brooks, a

4    child under the age of sixteen years, to

5    enter a vehicle, room, house, office, or

6    other place, to-wit, a dwelling, for the

7    purpose of proposing to such child the

8    performance of an act of sexual intercourse,

9    or an act which constitutes the offense of

10   sodomy, or for the purpose of proposing the

11   fondling or feeling of the sexual or genital

12   parts of such child, or for the purpose of

13   committing an aggravated assault on such

14   child, or for the purpose of proposing such

15   child fondle or feel the sexual or genital

16   parts of said Josh Brooks, in violation of

17   Section 13A-6-69 of the Code of Alabama,

18   against the peace and dignity of the State of

19   Alabama.

20       Those are the indictments in these two

21   cases, ladies and gentlemen. Keep in mind

22   that those are just the formal ways to bring

23   charges.

24       To these charges, James A. Culbreth has

25   pled not guilty to each and every one of

Exhibit 7-A

~~Jury Charge - Count I~~                                    R-167

1    The defendant in this case is charged

2    with sodomy in the first degree.  A person

3    sixteen years of age or older commits the

4    crime of sodomy in the first degree if he

5    engages in deviate sexual intercourse with a

6    person who is less than twelve years old.  To

7    ~~convict,~~ the state must prove ~~beyond~~ a

8    reasonable doubt each of the following

9    elements of sodomy in the first degree:  That

10   the defendant, James Culbreth, engaged in

11   deviate sexual intercourse with Shawn Lowry

12   by forcible compulsion; that the defendant,

13   James Culbreth, engaged in deviate sexual

14   intercourse with Josh Brooks by forcible

15   compulsion; or that the defendant, James

16   Culbreth, engaged in deviate sexual

17   intercourse with Shawn Lowry; that the

18   defendant, James Culbreth, engaged in deviate

19   sexual intercourse with Josh Brooks; that

20   Shawn Lowry was less than twelve years old at

21   the time; that Josh Brooks was less than

22   twelve years old at the time; that the

23   defendant, James Culbreth, was sixteen years

24   of age or older at the time.

25        Deviate sexual intercourse means any act

*Exhibit 8*

R-168

1  of sexual gratification involving the sex

2  organs of one person and the mouth or anus of

3  another.

4      Forcible compulsion is physical force

5  that overcomes earnest resistance, or it is a

6  threat, express or implied, that places a

7  person in fear of death or serious physical

8  injury to him or to another person.

9      If you find from the evidence that the

10 state has proved beyond a reasonable doubt

11 each of the above elements of sodomy in the

12 first degree as charged, then you should find

13 the defendant guilty of sodomy in the first

14 degree.

15     If you find the state has failed to

16 prove beyond a reasonable doubt either one or

17 more of the elements of the offense of sodomy

18 in the first degree, then you cannot find the

19 defendant guilty of sodomy in the first

20 degree.

21     The defendant is also charged with

22 enticing a child to enter a house for immoral

23 purposes.  To convict, the state must prove

24 beyond a reasonable doubt each of the

25 following elements of enticing a child to

*Exhibit 9*

1    enter a house for immoral purposes:  One,

2    that Shawn Lowry was under sixteen years of

3    age; two, that Josh Brooks was under sixteen

4    years of age; three, that the defendant,

5    James Culbreth, with lascivious intent to

6    entice, allure, persuade, or invite or

7    attempt to entice, allure, persuade, or

8    invite; four, Shawn Lowry and Josh Brooks to

9    enter into the house at 602 Boyce Street for

10   the purpose of proposing to Shawn Lowry and

11   Josh Brooks an act which constitutes the

12   offense of sodomy or for the purpose of

13   proposing the fondling or feeling of the

14   sexual or genital parts of such child or the

15   breast of such child.

16       A person acts intentionally with respect

17   to a result or to conduct when his or her

18   purpose is to cause that result or to engage

19   in that conduct.

20       A person acts with lascivious intent if

21   the act committed tends to arouse sexual

22   desire.

23       If you find from the evidence that the

24   state has proved beyond a reasonable doubt

25   each of the above elements of the offense of

*Exhibit 10*

R-171

1    community of the crime out of a sense of

2    guilt, out of fear of, or to avoid arrest.

3         Would y'all approach?

4              (Bench conference.)

5         MR. MCNEILL:  Satisfied.

6         MS. FEHL:  Satisfied.

7         THE COURT:  Ladies and gentlemen, in

8    this case there are two verdict forms.  In

9    Case Number CC-99-0595, the verdict form

10   reads as follows:  The State of Alabama

11   versus James Culbreth, Count I:  We, the

12   jury, find the defendant guilty of sodomy in

13   the first degree where the victim was Shawn

14   Lowry.  We, the jury, find the defendant not

15   guilty of sodomy in the first degree.

16        Count II:  We, the jury, find the

17   defendant guilty of enticing a child where

18   the victim was Shawn Lowry.  And the not

19   guilty verdict, We, the jury, find the

20   defendant not guilty of enticing a child.

21   Place for the foreperson to print their name,

22   sign their name, and date the verdict form.

23        In Case Number CC-99-0596, the verdict

24   form reads as follows:  We, the jury, find

25   the defendant guilty of sodomy in the first

*Exhibit 11*

R-172

1    degree where the victim was Josh Brooks.  We,

2    the jury, find the defendant not guilty of

3    sodomy in the first degree.  Count II reads,

4    We, the jury, find the defendant guilty of

5    enticing a child where the victim was Josh

6    Brooks.  And not guilty says, We, the jury,

7    find the defendant not guilty of enticing a

8    child.  Both of the verdict forms will be

9    given to you along with the exhibits.

10          Let me talk to you about your

11    deliberations for just a minute.  Unless all

12    twelve of you are present, you must stop

13    deliberations.  If you have to take a

14    bathroom break, if you would, knock on the

15    door to the jury room.  There are bathrooms

16    in there?  You don't have to worry about

17    that.  If you need to take a Coke break, then

18    you knock on the door and let the court

19    security officer know so we can put it on the

20    record that there is a break.  And if some of

21    you are out of the room for that reason,

22    deliberations must stop until all twelve of

23    you are present.  Understand?

24          With that, ladies and gentlemen, it is

25    time for you to retire to the jury room

*Exhibit 12*

| State of Alabama | JURY VERDICT | Case Number |
| --- | --- | --- |
| | | CC-1999-0596 |

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STATE OF ALABAMA ,        v.        JAMES CULBRETH,

PLAINTIFF        DEFENDANT

COUNT I    ~~Count I and II of Indictment~~

_____✓_____ We, the Jury, find the Defendant GUILTY of SODOMY FIRST DEGREE where the victim is Josh Brooks.

_____ We, the Jury, find the Defendant NOT GUILTY of SODOMY FIRST DEGREE.

COUNT II    ~~Count III of Indictment~~

_____✓_____ We, the Jury, find the Defendant GUILTY of ENTICING A CHILD where the victim is Josh Brooks.

_____ We, the Jury, find the Defendant NOT GUILTY of ENTICING A CHILD.

REBEKAH ROSWELL
**Print Foreman's Name**

*[signature]*
**Foreman's Signature**

9/26/00
**Date**

RECEIVED BY:
**Clerk of Circuit Court**
9-27-00

*Exhibit 13*

State of Alabama

# JURY VERDICT

Case Number

CC-1999-~~0596~~  0595  (~735)

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STATE OF ALABAMA,    v.    JAMES CULBRETH,

PLAINTIFF    DEFENDANT

*Count I and II of Indictment*

### ~~COUNT I~~

_____ ✓ _____  We, the Jury, find the Defendant GUILTY of SODOMY FIRST DEGREE where the victim is Shawn Lowry.

_____  We, the Jury, find the Defendant NOT GUILTY of SODOMY FIRST DEGREE.

### ~~COUNT II~~    *Count III of Indictment*

_____ ✓ _____  We, the Jury, find the Defendant GUILTY of ENTICING A CHILD where the victim is Shawn Lowry.

_____  We, the Jury, find the Defendant NOT GUILTY of ENTICING A CHILD.

REBEKAH BOSWELL
Print Foreman's Name

9/26/00
Date

_Rebekah Boswell_
Foreman's Signature

_____ BY: _____
Clerk of Circuit Court

RECEIVED
9-27-00

*Exhibit 14*

1      straight through that door.

2                    * * * * * *

3                       VERDICT

4          THE COURT:  Ladies and gentlemen, I

5      understand you have reached a verdict.

6      Foreperson, please read the verdict.

7          FOREPERSON:  We, the jury, find the

8      defendant guilty of sodomy first degree where

9      the victim is Josh Brooks.

10         We, the jury, find the defendant guilty

11     of enticing a child where the victim is Josh

12     Brooks.

13         We, the jury, find the defendant guilty

14     of sodomy first degree where the victim is

15     Shawn Lowry.

16         We, the jury, find the defendant guilty

17     of enticing a child where the victim is Shawn

18     Lowry.

19         THE COURT:  Would either party request

20     polling the jury?

21         MS. FEHL:  We do.

22         THE COURT:  Ladies and gentlemen, as I

23     point to you, I need for you to tell me

24     whether or not this is your verdict.

25              (The jury was polled, to which each

*Exhibit 15*

1                    responded in the affirmative.)

2          THE COURT:  Ladies and gentlemen, if you

3   would wait in the jury room just one more

4   minute, and you will be through for the

5   night.

6              (Jury excused.)

7         THE COURT:  Defendant approach.

8        Mr. James Culbreth, in Case CC-99-0596

9   and 0595, a jury of your peers has found you

10  guilty as charged to all counts.  This Court

11  recognizes that verdict and finds you guilty

12  of those counts.  Anything to be done before

13  sentencing?

14        MR. MCNEILL:  No, Your Honor.  He is

15  under no bond because of the flight.

16        THE COURT:  Pre-sentence investigation

17  will be done.  Judge Reese will set this back

18  on the sentencing calendar.

19        MS. FEHL:  There is a pending case in

20  597.

21        THE COURT:  Correct.  I'll ask the clerk

22  to set it on the sentencing calendar.  If

23  they need me back for sentencing, I'll do it.

24        The Court adjudges you guilty of the

25  charges that the jury has returned verdicts

*Exhibit 16*

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7    Rev 2/79 | | CC-99-59b |

Style:

JAmes Culbreth                    Page Number ___ of ___ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 11-14-00 | The Defendant with attorney Kim Fehl appeared before the Court for sentencing. The Court, having considererd the Pre-sentence Investigation Report and having asked the Defendant if he had anything to say prior to sentence and the Defendant having his say, on Count I, Change for the offense of Sodomy I, he is sentenced to the Department of Corrections for LIFE. On Count II, for the Offense of Enticing a Child, he is sentenced to the Department of Corrections for 5 years. Sentence on each count to run concurrently with each other and with all other sentences Defendant is currently serving. Defendant ordered to pay Court costs, attorney's fees of $150 and $50 to Victim's Compensation Fund on each count. Jurisdiction reserved to set restitution amount. One-half of any monies to which the Defendant may become entitled while incarcerated to be applied toward satisfaction of said amounts. Defendant advised of right to appeal. |
|  | Note:  Defendant gave oral notice of appeal. Motion to Withdraw of Kim Fehl GRANTED. William Whatley appointed to represent Defendant on appeal. |
|  | GENE REESE |
| 11-20-00 | Notice of Appeal sent to Crm Appls, DA, AG, Atty, Court reporter + Dub + Jan |
| 11-20-00 | forms sent to Atty |
| 11-22-00 | forms filed |
| 12-6-00 | Transcript to Crm Appls, def Atty + AG |
| 12-12-00 | Order |
| 1-10-01 | Order |

Exhibit 17

186

1    did say there would be a significant risk of

2    reoffense because of his refusal to admit

3    responsibility and the continual process he

4    goes through of making justifications for his

5    behavior and blaming victims and feeling that

6    young boys of this age can consent to this

7    type of behavior.  For those reasons, Your

8    Honor, we do not feel the minimum sentence

9    for these offenses would be appropriate in

10   these cases.

11        THE COURT:  All right.  On the enticing

12   a child, you will be sentenced to a term of

13   imprisonment in the Department of Corrections

14   for five years on each of those two

15   convictions.  *(A conviction for each indictment)*

16        On the two convictions for sodomy, he

17   will be sentenced to a term of imprisonment

18   in the Department of Corrections for life.

19   You are ordered to pay court costs, attorney

20   fees, fifty dollars to the Victims'

21   Compensation Fund, and restitution.

22        MS. PERKINS:  The state reserves

23   restitution.

24        THE COURT:  Reserve the right to

25   determine restitution.  All these sentences

*Exhibit 17-A*

R-143

1    There comes a point in everybody's life when

2    each one of us has to be accountable for our

3    actions, and today is James Culbreth's day.

4    Today is his day of judgment.

5         Now, I am going to put in plain English

6    what he is charged with.  My partner gave you

7    the legal definition before.  I am just going

8    to make it plain to you.  He is charged with

9    enticing, alluring these boys over to his

10   house to commit some foul sexual acts with

11   them.  And he is charged with, once they got

12   there, he forced these boys into committing

13   the sexual acts with him.

14        Now, at the beginning of this trial, the

15   Judge instructed that the state had the

16   burden of proof in this case, and we gladly

17   accepted that burden, and we have done that.

18   He also instructed you that the evidence was

19   going to come from this witness stand.  From

20   this witness stand you have listened to the

21   testimony of these two little boys.

22        First, Josh took the stand.  He told you

23   how old he was.  He told you he was eleven.

24   He told you about that day.  As a matter of

25   fact, Josh remembered it very well.  He went

Exhibit 18

10.    Culbreth's claim that the trial court abused its discretion by granting the State's motion in limine is procedurally defaulted.

11.    Culbreth's claim that his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence is procedurally defaulted.

12.    Respondents deny that Culbreth is innocent.

13.    Respondents deny that the State of Alabama has violated any of Culbreth's federal constitutional rights incident to his conviction and incarceration.

14.    Based on the contents of this answer, Culbreth's petition is due to be denied and dismissed with prejudice.

## PROCEDURAL HISTORY

Culbreth was in~~dicted by the April 1999~~ session of the Montgomery County Grand Jury ~~for four counts of sodomy in the first degree~~ and two counts of enticing ~~a child~~.  (Exhibit A, pgs. 21-23, 24-26)  On ~~September 26, 2000, the jury found Culbreth~~ guilty of two counts of sodomy in the first degree and two counts of enticing a child.  (Exhibit A, pgs. 103-104)  ~~On October 5, 2000, the State filed~~ a motion to *nolle prosse* ~~the remaining two counts of sodomy in the first degree.~~ (Exhibit A, pg. 5)    *which were changed to the jury*

*Exhibit 19*

3

48 (holding that exhaustion principles required a petitioner to present his specific claims to the state court of last resort, even though review in the high court was discretionary). Furthermore, the unexhausted claims were procedurally defaulted because they were no longer eligible for state review under state procedural rules. Boerckel at 848; *see also* Smith, 256 F.3d. at 1138; Coleman, 501 U.S. at 731-32, 750-51. Petitioner failed to present his claim to the Alabama Court of Criminal Appeals or the Alabama Supreme Court; therefore, it is procedurally defaulted and not proper for review.


## GROUND THREE – DOUBLE JEOPARDY

**a.    Sufficiency of the evidence claim**

As the Respondent understands from the habeas petition, Petitioner asserts in ground three that, because the prosecution nolle processed two of his sodomy in the first degree counts after the jury returned its verdict, there was no evidence remaining to support his conviction on the other counts of sodomy in the first degree.[1]  (Petitioner's petition pgs. 7-8)  This assertion was raised for the first time in Petitioner's Rule 32 postconviction petition in the trial court, on appeal from the denial of that petition to the Court of Criminal Appeals, and finally in Petitioner's

---

[1] Petitioner initially indicates that his indictments were multiplicitous, but a further reading of this claim does not support this initial indication.

*Exhibit 20*

12

Due to Petitioner's failure to raise a cognizable federal claim, his petition should be dismissed.

Furthermore, Petitioner's claim that the State failed to prove "forcible compulsion" which he alleges is a necessary element of sodomy in the first degree is without merit. Section 13A-6-63 Code of Alabama (1975), provides that a person can commit sodomy in the first degree in one of the following three ways:

*Count II*    (1)    He engages in deviate sexual intercourse with another person by forcible compulsion; **or** *(charged in indictment and to the jury)*

       (2)    He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; **or**

*Count I*    (3)    He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.

Petitioner was charged and convicted under Section 13A-6-63(a)(3), which does not require the State to prove "forcible compulsion." *(and was charged and convicted under 13A-6-63(a)(i))*

### c.    Amendment of the indictment claim

Petitioner asserts that the trial court did not have jurisdiction to render judgment or impose sentence because it amended the indictment against him without his consent. (Petitioner's petition, pg. 10) This assertion was raised for the first time in Petitioner's Rule 32 postconviction petition to the trial court and on appeal in the Alabama Court of Criminal Appeals, and ultimately in his petition

*Exhibit 21*